# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALLY HABER, <br><br> Plaintiff <br> v. <br><br> HALL ALUMINUM PRODUCTS. INC., <br><br> Defendant | Case No. <br><br><br><br><br> May 23, 2019 |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is a suit brought pursuant to Connecticut General Statute §21a-408p(b)(3) for violations of Connecticut's Medical Marijuana law.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.

3. Venue in this district is appropriate pursuant to 28 U.S.C. §1391(b), because this is the district in which the cause of action arose.

### II. PARTIES

4. Plaintiff, Sally Haber (hereinafter "Ms. Haber" or "Plaintiff"), is a United States citizen and citizen of the State of Connecticut residing in Meriden, Connecticut. At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant, Hall Aluminum Products, Inc. (hereinafter "HAP" or "Defendant"). At all times relevant to this Complaint, the Plaintiff was a "qualifying patient" under Connecticut's Palliative Use of Marijuana Act ("PUMA"), C.G.S. §21a-408 *et seq.* At all

1

relevant times to this Complaint, the Plaintiff has been registered with the Connecticut Department of Consumer Protection's ("DCP") Medical Marijuana Program ("MMP"). At all times relevant to this Complaint, the Plaintiff has been diagnosed by a licensed physician in Connecticut as having a "debilitating condition" which qualifies for the palliative use of medical marijuana.

5. The Defendant, Hall Aluminum Products, Inc., is an Indiana corporation with a business address of 3033 Wayne Trace, Fort Wayne, Indiana 46806. HAP is registered to do business in the State of Connecticut with the Office of the Secretary of State. Its Connecticut business ID number is 1279720. HAP has a work location in Connecticut at the SONO Mall in Norwalk, Connecticut which is, on information and belief, 100 North Water Street, Norwalk CT. HAP is a commercial glass and glazing contractor. At all times relevant to this complaint, the Defendant is an employer within the meaning of C.G.S. §21a-408p(a)(3).

III. **COUNT ONE:** **Violation of C.G.S. §21a-408p - the Palliative Use of Marijuana Statute, Treatment of Student, Tenant or Employee Due to Status as Qualifying Patient or Primary Caregiver.**

6. The Plaintiff is a skilled glazier and for eight (8) years has been a member of the International Union of Painters & Allied Trades (IUPAT) Local 1274.

7. On December 3, 2018 the Plaintiff was dispatched by IUPAT Local 1274 to a job working for the Defendant at the SONO Mall project in Norwalk, Connecticut. She reported to the job site and began working for HAP that day.

8. On Tuesday December 4, 2019 the Plaintiff was told by her supervisor to report to the Quest Laboratory in Stamford, Connecticut for an employment drug

screening. She reported to the laboratory that morning during her morning break. At Quest she reported to the testing employee that she was registered with DCP as a "qualifying patient" under the department's MMP and that as a result of her use of medical marijuana she would likely test positive for cannabis. Plaintiff produced her DCP MMP registration card for the Quest employee to photocopy but that offer was declined.

9. The Plaintiff has been diagnosed with Post Traumatic Stress Disorder ("PTSD"). She uses a small amount of medical marijuana in the evening and off-duty to alleviate her symptoms and provide her with the ability to sleep at night.

10. Following the drug screening the Plaintiff returned to work at the SONO Mall project and worked without incident for the balance of that week and most of the following week. On Thursday December 13, 2018, the Plaintiff was told by her supervisor that he had to "let her go" because she had tested positive for marijuana. The Plaintiff called and left a message for her Union Business Agent to tell him what had occurred. The Business Agent texted the Plaintiff in response and told her to report back to the SONO job the next day. She did so and worked without incident on Friday December 14 and Monday December 17, 2018.

11. At the conclusion of her work shift on December 17, 2018 the HAP Project Manager informed the Plaintiff that "corporate" had decided that because of her positive drug test she was being terminated from the job.

12. The only reason the Plaintiff tested positive for marijuana on the drug screen is because she is a "qualifying patient" under the PUMA statute.

13. C.G.S. §21a-408p(b)(3) prohibits an employer from discriminating against

an individual by refusing to hire or discharging, penalizing or threatening an employee based on their status as a "qualified patient" under the statute.

14. By terminating the Plaintiff because she is a "qualifying patient" the Defendant has violated the law pursuant to C.G.S. §21a-408p(b)(3).

15. The Plaintiff earned $37.18 an hour for straight-time work and $55.77 an hour for overtime work while working for HAP. In addition, HAP contributed an additional $28.15 an hour, on her behalf, to various Union benefit funds and plans.

16. On information and belief work for glazers employed by HAP on the SONO Mall project is scheduled to last into November 2019 or beyond. On information and belief, HAP employees working on the SONO Mall project regularly work extensive overtime hours each week.

17. As result of the Defendant's conduct as described above, the Plaintiff has suffered and continues to suffer damages in the way of lost compensation, benefits and other rights and privileges of employment.

18. As a result of the defendant's conduct as described above, the Plaintiff has suffered serious emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

## **DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court award the following relief:

1. Order the Defendant to make the Plaintiff whole for all wages and benefits which the Plaintiff has lost as a result of the defendant's conduct, including the payment of interest on all wages and benefits due;

2. Grant the plaintiff compensatory damages in excess of $15,000 exclusive of interest and costs;

3. Order the defendant to reinstate the plaintiff to her former position or grant the plaintiff future earnings damages in lieu of reinstatement;

6. Grant the plaintiff all costs and pre- and post- judgment interest; and

7. Award the plaintiff such other legal or equitable relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

The Plaintiff requests a trial by jury as to all claims to which she is entitled under the law.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,

By: _____
Henry F. Murray ct17234
Livingston, Adler, Pulda, Meiklejohn
 & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
Tel:  (860) 233-9821
Fax:  (860) 232-7818
hfmurray@lapm.org